UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BEARS TOWING & RECOVERY OF OUACHITA INC** | **CIV. ACTION NO. 3:23-01785** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TEAM HOSEY EXPRESS L L C ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant BM2 Freight Services, Inc. [doc. #10]. The motion is unopposed.

For reasons assigned below, it is recommended that the motion be GRANTED and the case REMANDED.

### Background

Plaintiff Bears Towing and Recovery of Ouachita, Inc. ("Bears") filed the instant action in the Sixth Judicial District, East Carroll Parish, State of Louisiana, on October 31, 2023. Petition for Damages [doc. #1-2]. Defendant BM2 Freight Services, Inc. ("BM2") removed the action to this court on December 27, 2023. Notice of Removal [doc. #1]. In the petition for damages, Bears named BM2, Team Hosey Express, LLC ("Team Hosey"), United Specialty Insurance Company ("United"), Pennsylvania Manufacturers Association Insurance Company ("PMAIC"), Eddie James Dean ("Dean"), and Arnold Transportation Services, Inc. ("Arnold") (collectively "Defendants") as defendants to the action. Petition for Damages [doc. #1-2, pp. 1-2]. Bears alleges that Defendants are liable for damages arising under various theories of negligence. *Id.* at pp. 3-4.

The incident giving rise to the instant action occurred on February 25, 2023. *Id.* at p. 2. On that date, Dean was operating a 2013 Volvo Tractor and towing a 2005 Wabash trailer hauling copolymer. *Id.* The truck was owned by Team Hosey; the trailer was owned by Arnold. *Id.* While traveling on US Highway 65, the trailer caught fire, resulting in cargo and debris scattering about the roadway. *Id.* Bears was summoned by local authorities to clear the road surface and tow the remains of the trailer, resulting in fees totaling $19,342.42. *Id.* at pp. 2-3. Team Hosey was insured by United, while Arnold was insured by PMAIC. *Id.* at p. 3. BM2 served as the broker of the shipment Dean was hauling at the time of the fire. *Id.* at p. 4.

The case was removed to this court on grounds that the well-pleaded complaint raises significant federal issues concerning which standard of care – the standard arising under federal law or the one created by state law – applies to BM2. Notice of Removal [doc. #1, pp. 3-7]. BM2 now seeks dismissal from the action. M/Dismiss [doc. #10]. Bears has not filed any opposition to the motion.

Briefing is complete. Accordingly, the matter is ripe.

## Analysis

### I. Legal Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.  Motion to Dismiss

Bears has not opposed BM2's motion. Consequently, the following arguments made by BM2 are uncontested:

BM2 is a federally licensed freight broker pursuant to 49 U.S.C. § 13102(2). M/Dismiss [doc. #10, pp. 8-9]. Broadly construed, the Federal Aviation Administration Authorization Act's preemption clause, 49 U.S.C. § 14501(c)(1), "preempts any state common law claims and laws related to the services provided by a federally licensed freight broker with respect to the transportation of property" in interstate commerce. *Id.* at pp. 9-10. Bears' "negligent brokering and hiring claims have a direct and indisputable connection to the services of a federally licensed freight broker with respect to the transportation of property" in interstate commerce. *Id.* at p. 11. Therefore, the significant issue of federal law on which removal was predicated – which standard of care applies to federally licensed freight brokers – has been resolved because Bears' state law claims are preempted by federal law. *Id.* at pp. 12-17. By failing to contest the instant motion, Bears has conceded that the federal standard preempts the state law claims it brought against BM2 and that BM2 may be dismissed on that basis.[1]

Accordingly, it is RECOMMENDED that BM2's motion be granted and the claims against BM2 be dismissed.

## III.  Remand

When, as recommended here, all claims which confer federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635,

---

[1] These concessions should not be construed as findings of fact or conclusions of law concerning made by the undersigned.

3

639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). If this scenario arises in a case that has been removed to federal court, remand to state court is appropriate. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case [removed from state to federal court] shall be remanded.").

The instant action was removed to this court based solely on federal question jurisdiction arising from Bears' claims against BM2. *See* Notice of Removal [doc. #1, pp. 3-7]. Bears' remaining claims all arise under state law. *See* Petition for Damages [doc. #1-2, pp. 1-4]. Consequently, it is appropriate for this court to decline to exercise supplemental jurisdiction over those remaining claims.

Accordingly, it is RECOMMENDED that Bears' remaining claims be remanded to the Sixth Judicial District Court, East Carroll Parish, State of Louisiana.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant BM2's motion to dismiss [docs. #10] be **GRANTED**, the claims against Defendant BM2 be **DISMISSED WITH PREJUDICE**, and the remaining claims **REMANDED** to the Sixth Judicial District Court, East Carroll Parish, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 4th day of April, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

5